Shauck, J.
In any view that may be taken of the case the plaintiffs are not entitled to the injunction prayed for if the board composed of the auditor of state, governor and attorney general was. without authority to reduce the valuation of the lots under the circumstances and for the.reasons alleged in the petition. By taking to his assistance the governor and the attorney general the auditor of state complied with the requirement of section 167 of the Revised Statutes with respect to cases in which the amount to be remitted exceeds $100, but, excepting the provision as to the amount to be remitted, the powers of the three officers are those only which the statute confers upon the auditor of state. They had no more authority than he to make a reduction in the valuation of the land because.of a supposed error of judgment in that regard by the local board. It is contended that the authority assumed in this case is conferred upon the auditor of state by section 167 of the Revised Statutes, which, defining the duties of the auditor of state, provides: “He may remit such taxes and penalties thereon as he ascertains to have been illegally assessed and such penalties as have accrued or may accrue in consequence of the negligence or error of any officer required to do any duty relating to the assessment of prop-' erty for taxation, or the levy or collection of taxes, and he may from time to time correct any error *558 in any assessment of property for taxation or in the duplicate of taxes in any county; provided that when the amount to be remitted in any one case shall exceed one hundred dollars, he shall proceed to the office of the governor and attorney general and take to his assistance the governor and attorney general, and in such cases may remit no more than shall be agreed upon by a majority of the officers named.”
It is further contended that in the unreported case of the State ex rel. The Commissioners of Marion county v. Loeffler, 4 L. B., 174, we construed this section in accordance with the views of counsel for the plaintiffs. But the record in that case did not show that the state auditor had attempted to exercise his judgment as to the value of the personal property of the Marion Steam Shovel Co., a corporation, upon whose application the remission was made. It did show that upon the consideration of said application the board found “that said auditor of Marion county erred in adding to and placing upon the Marion county tax duplicate the additional sum of $26,099 in taxes and penalties charged against the Marion Steam Shovel Co., and that said additional sum has been illegally assessed and said penalties thereon erroneously added by said auditor of Marion county.” The case is authority for the proposition that the auditor of state may remit additions and penalties charged by the county auditor against a corporation without authority of law. Nothing’ further was presented or decided. And this we think suggests the limits within which the state auditor may act in making’ such remissions. There is no provision of law to enable him to acquire information concerning the values of *559 real estate in the different counties, if it were practicable for him to acquire such information by the most efficient provisions that could be devised. The terms of the statute conferring power upon local boards of equalization show it to be the policy of the legislature to require the valuation to be determined by officers having some knowledge upon the subject and facilities for acquiring full knowledge concerning the same. Moreover such boards are confined to the duties of equalizing values, and subject to express restrictions that they shall not reduce the value of the real property of the state below the aggregate value thereof as fixed by the state board of equalization. If we aeeept the views of counsel for plaintiff we must concede that. the legislature provided for the annulment of this requirement by vesting revisory power in an officer upon whose action there is no such restriction. While the auditor of state is vested with authority under section 167 to remit taxes and penalties illegally assessed, he is without authority to overrule the judgment of the local board in a case in which it might legally act. This conclusion is consistent with the view of the general subject taken in State ex rel. Poe v. Raine, 47 Ohio St., 447, and Hagerty et al. v. Huddleson et al. ante. p. 149.

Judgment affirmed.